## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | 3:15-cr-00043-RLY-CMM-5 |
| vs. | ) | |
| | ) | |
| AMANDA J. CARRENO, | ) | |
|     Defendant | ) | |

## REPORT AND RECOMMENDATION

On May 4, 2021, the Court held an initial hearing on the Petition for Warrant for Offender Under Supervision filed on April 7, 2021 [Doc. 1666].

This matter was reconvened on May 19, 2021 for final hearing. Ms. Carreno ("Defendant") appeared with FCD counsel, Mike Donahoe. The Government appeared by Kyle Sawa, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine. This matter is heard on a referral from U.S. District Judge Richard L. Young. The Defendant was advised that any recommendation from a magistrate judge was subject to review, acceptance, or rejection by the District Judge, who retains ultimate authority to adjudicate these matters.

The parties advised the Court at the outset of the hearing that an agreement was reached by which the defendant would admit Violations #1, 2, 3 and 5 in the petition [Doc. 1666] and the Government would dismiss Violation #4.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

    1.    The Court advised Defendant of her rights and provided her with a copy of the petition. Defendant, by counsel, waived her right to a preliminary hearing.

2. After being placed under oath, Defendant admitted Violation 1, 2, 3 and 5 in the 4/7/2021 petition.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | "You must refrain from any unlawful use of a controlled substance."<br><br>On March 29, 2021, the offender reported to the treatment counselor she relapsed. |
| 2. | "You shall report to the probation officer in a manner and frequency directed by the court or probation officer."<br><br>On March 23, 2021, this officer attempted a home visit at the offender's residence; however, the offender's mother indicated the offender had not been at the residence in "a few days". This officer leave voice mail messages and text messages instructing the offender to contact the office.<br><br>On April 2, 2021, this officer attempted to call the offender and left a voice message requesting a return call. The offender responded to the officer's text message, and agreed to report to the office on April 5, 2021; however, the offender failed to report on that date, and did not return calls or texts. |
| 3. | "You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."<br><br>On April 5, 2021, the treatment counselor reported the offender failed to report for her scheduled appointment on that date. |
| 5. | "You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours |

       of the change." The offender's last reported employer, Med-Clean, reported the offender's last date of employment was March 14, 2021. The offender never reported she no longer works at Med-Clean, and did not report any new employment. Med-Clean also reported the offender has not returned the company's keys.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **C** violation.

    (b) Defendant's criminal history category is II.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **4-10** months imprisonment.

5. Parties jointly recommended that defendant serve 10 months in the custody of the U. S. Bureau of Prisons with no further supervision upon release.

6. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

    (a) The Defendant made a voluntary and knowing admission of the violations set forth in the petition;

    (b) The agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge.

## **Recommendation**

Consistent with the parties' agreement, the Magistrate Judge respectfully recommends the Defendant be sentenced to 10 months in the custody of the U.S. Bureau of Prisons and that no term of supervised release be incorporated in the sentence.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The Defendant is ordered detained pending the District Judge's review of the report and recommendation. The parties were advised of the 14-day period within which to appeal this report and recommendation.

Dated: May 19, 2021

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

4